OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and defendant’s motion denied.
Plaintiff and defendant, Florida residents, entered into a separation agreement in Florida and were subsequently divorced in that State by a decree in which the separation agreement was incorporated but not merged. Plaintiff seeks an equitable distribution of her former husband’s interests in three New York corporations pursuant to Domestic Relations Law §236 (B) (2) and (5) which authorizes "proceedings to obtain a distribution of marital property following a foreign judgment of divorce”. She commenced her action by personal service on defendant in Florida.
In the separation agreement, dated May 12, 1982, plaintiff specifically reserved her right to pursue her claims to an equitable share of defendant’s interests in the New York corporations. The pertinent clause, article V, entitled "reservation of rights to sue”, provides as follows: "Husband hereby acknowledges that Wife, in her Petition for Dissolution of Marriage, claimed a right, title and ownership interest in the property, both real and personal, of the following corporate entities: McCasland Truck Center, Inc., Northern States Truck Center, Inc. and Northern States Holding Corp. Husband does hereby specifically acknowledge and agree that Wife, by virtue of execution of this Settlement Agreement and its being incorporated in a Final Judgment of Dissolution of Marriage, does not waive any claim which she has in and to the above described right, title and ownership interest in said entities by virtue of her marriage to Husband or otherwise, and that she *750 may pursue any such claims and rights against Husband, said entities and/or the alleged present or past owners of said entities as she may choose in any court(s) of competent jurisdiction which may have jurisdiction over said individuals and/or entities.”
On defendant’s motion, Special Term dismissed the action for lack of jurisdiction. The Appellate Division affirmed holding that no personal jurisdiction had been obtained over defendant under CPLR 302 (a) (1) or 302 (b) and that no in rem or quasi in rem jurisdiction had been acquired by service on the defendant under CPLR 314 (2) for the limited purpose of determining plaintiff’s claim of interest in the corporate shares. The Appellate Division also rejected plaintiff’s argument that defendant had consented to such jurisdiction.
We hold that service was properly effected under CPLR 314 (2). Moreover; we agree with the dissent at the Appellate Division that the parties intended in article V to effect a consent by defendant to the exercise by the New York courts of jurisdiction over his stock interests in the corporations. A plain reading of article V supports no other conclusion. In the agreement defendant expressly acknowledges that plaintiff has an existing claim to an interest in the three named New York corporations, that she does not waive that claim, and that she may pursue that claim against him in any court "of competent jurisdiction which may have jurisdiction over” the corporations.
A contrary construction of article V would make it virtually impossible for any court to adjudicate plaintiff’s claim, and would frustrate the only apparent purpose of article V: to facilitate the submission of the unresolved question of plaintiff’s interest in specifically identified marital property to a court having jurisdiction over that property.
We do not reach any question pertaining to the nonfinal portion of the order appealed from denying plaintiff’s cross motion.